*Filed in open Court*
*HMT 7/12/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-38-SLR |
| | ) | |
| MIGUEL ONGAY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Miguel Ongay, by and through his attorney, John S. Malik, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Counts I, II, and III of the Indictment. Count I charges him with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count II charges him with distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Count III charges him with possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

2. The defendant understands that the maximum sentence for both Counts I and II is 20 years imprisonment, a fine of $1,000,000, lifetime supervised release with a minimum of three years

of supervised release, and a $100 special assessment. The defendant understands that the maximum sentence for Count III is life imprisonment, with a minimum sentence of five years, which must be consecutive to any other sentence, a $250,000 fine, five years of supervised release, and a $100 special assessment.

3. The United States agrees to move to dismiss Count IV of the Indictment at the time of the sentencing.

4. The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offenses to which he is pleading guilty, that is:

For Count I: (1) on or about February 23, 2006, the Defendant possessed a substance; (2) the substance was heroin; (3) the Defendant acted knowingly; and (4) the Defendant acted with the intent that the substance would be distributed to at least one other person; and

For Count II: (1) on or about February 23, 2006, the Defendant distributed to S.S. a substance; (2) the substance was heroin; and (3) the Defendant acted knowingly; and

For Count III: (1) on or about February 23, 2006, the Defendant possessed a firearm, specifically a Star, Model 31P nine millimeter pistol; (2) the possession was done knowingly; and (3) the possession was done in furtherance of his possession with intent to distribute heroin.

5. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). He understands that the final determination of the sentencing guidelines will be up to the sentencing judge.

6. Provided that the United States does not learn after the entry of the Defendant's guilty plea of conduct by the Defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a two-level reduction in the Defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1(a).

7. The defendant understands that the Court is not bound by any agreement between the parties, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

8. The Defendant agrees to pay the $300 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

9. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

10. The defendant abandons any right, title and interest that he may have in any firearm or ammunition seized by the Wilmington Police Department at 1014 Rodman Road, Wilmington, Delaware on February 23, 2006. The defendant also agrees to execute all documents requested by the government to effect his abandonment, and agrees that the Bureau of Alcohol, Tobacco, Firearms, and Explosives may dispose of the firearms and ammunition in whatever manner it deems appropriate.

11. The defendant agrees to forfeit any United States currency seized from him on February 23, 2006.

12. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified

only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____
John S. Malik, Esquire
Attorney for Defendant

_____
Colm F. Connolly
United States Attorney

_____
Miguel Ongay
Defendant

Dated:

       AND NOW, this __12th__ day of __July__, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE SUE L. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE